UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER ROBINSON,

        Plaintiff,                        Case No. 1:17-cv-11557
                                                      Honorable Thomas L. Ludington

v.

STEPHEN ANDREWS, ET AL.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE
TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE
AND DISMISSING COMPLAINT**

Michigan state prisoner Christopher Robinson has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). The complaint names thirty-six defendants and raises claims of malicious prosecution, abuse of process, violation of Fourth Amendment, conspiracy, failure to prevent filing of false criminal charges, false imprisonment, malice, violation of the Eight Amendment, violation of the Equal Protection Clause, prosecutorial and judicial misconduct, and kidnapping. Plaintiff seeks monetary damages and injunctive relief. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case. See 28 U.S.C. § 1915(a)(1) (1996). For the reasons stated below, the Court will deny Plaintiff leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Edwards v. Gaul,* 40 F. App'x 970, 971 (6th Cir. 2002) (holding that district court properly dismissed without prejudice a prisoner's civil rights complaint barred by the "three strikes" provision).

Plaintiff has filed at least three prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Robinson v. Schuette, et al.,* Case No. 2:16-cv-13632 (E.D. Mich. Jan. 3, 2017); *Robinson v. Field, et al.,* Case No. 2:16-cv-10207 (E.D. Mich. March 25, 2016); *Robinson v. Gutengerg, et al.,* Case No. 2:15-cv-10481 (E.D. Mich. Feb. 17, 2015).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Vasbinder*, 416 F. App'x 561 (6th Cir. 2011). Plaintiff fails to allege any facts to establish that the claimed violations place him in

imminent danger of physical injury. *Mulazim v. Michigan Department of Corrections*, 28 F. App'x 470, 472 (6th Cir. 2002).

Accordingly, it is **ORDERED** that Plaintiff's application for leave to proceed without prepayment of the filing fee, ECF No. 3, is **DENIED**.

It is further **ORDERED** that the complaint, ECF No. 1, is **DISMISSED** pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

Dated: June 27, 2017                                   s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 27, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager